IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CA No.: _____ |
| v. | § | |
| | § | |
| SOUTHWEST CREDIT | § | Jury Demanded |
| SYSTEMS, L.P., | § | |
| | § | |
| Defendant. | | |

**PLAINTIFF LARRY HARRINGTON'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

1. Plaintiff Larry Harrington ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

3. The TCPA prohibits calls to a cell phone made with an auto dialer or with an artificial prerecorded voice unless prior express consent is given. Plaintiff never so consented.

4. Southwest Credit Systems, L.P. ("**Defendant**") called Plaintiff's phones using an auto dialer and/or an artificial or prerecorded voice. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA.

5. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

6. Plaintiff believes that Defendant's practices of violating the TCPA are widespread. Plaintiff intends to propound discovery to Defendant identifying other individuals who have suffered similar violations.

## Parties

7. Plaintiff Larry Harrington is a resident of the State of Florida.

8. Larry Harrington is the "called party" with respect to the calls placed to his cellular telephone number, 239-470-5307 and his voice-over-internet-protocol ("**VOIP**") number, 239-567-2764.

9. Defendant is a debt collector that regularly conducts business in Florida and Texas and maintains a business location at 4120 International Parkway, Suite 1100, Carrollton, Texas 75007. Defendant can be served through its registered agent Jeff Hurt at 4120 International Parkway, Suite 1100, Carrollton, Texas 75007.

## Jurisdiction & Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper pursuant to 28 U.S.C. § 139 (b) because Defendant resides in this District.

### The Telephone Consumer Protection Act

12. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robocalls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

15. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

16. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

18. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such

number was provided during the transaction that resulted in the debt owed." *See FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65.

19. On July 10, 2015 the FCC confirmed it previous rulings that an autodialer included equipment that generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. The FCC also reiterated that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason. FCC 15-72.

**Factual Allegations**

20. Upon information and belief Defendant began collection efforts on a debt allegedly owed by Plaintiff to Comcast and began a process of making telephone phone calls to Plaintiff's cell phone and VOIP phone. The calls continued until approximately July 2015. Upon information and belief, the purpose for these calls was debt collection.

21. Calls were made by Defendant to Plaintiff's cellular number 239-470-5307 (the "**Cell Phone Number**") and to Plaintiff's VOIP number 239-567-2764 (the "**VOIP Number**").

22. Larry Harrington is the regular user of the Cell Phone Number and is the owner of the account.

23. Larry Harrington is the subscriber on the accounts for the Cell Phone Number and the VOIP Number and is charged for calls made to the Cell Phone Number and VOIP Number via monthly charges.

24. Within the four years prior to filing this lawsuit, Defendant left artificial or prerecorded voice messages on Plaintiff's VOIP Number. Specifically, on 06/27/2014 at

Plaintiff's Original Complaint
Page | 5

10:51 am and on 06/30/2014 at 3:26 pm Defendant left a message on Plaintiff's VOIP Number. Upon information and belief and to the best of Plaintiff's memory, the message stated: "Hello, this Southwest Credit. Please call us at (---) --- ----. Our hours of operation are _____."

25. Plaintiff listened to the messages and recognized that it was not a live person leaving the message but an artificial or prerecorded voice. Because an artificial or prerecorded voice message was left it would indicate the calls at issue were made using an automatic telephone dialing system.

26. Defendant also called Plaintiff's Cell Phone Number on multiple occasions within the four years prior to filing this lawsuit. Defendant called the Cell Phone Number 16 times from 239-205-2427, 15 times from 239-205-2392, 7 times from 239-214-2050, 2 times from 239-214-2059 and 2 times from 239-214-2045. According to Plaintiff's Metro PCS call records (excerpts of which are attached as Exhibit A) each call lasted for exactly 5 seconds.

27. Defendant has registered an automatic dialing system with the state of Texas. (see, Exhibit B attached hereto).

28. The facts in the preceding paragraphs indicate all calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1) ("**ATDS**").

29. Plaintiff has not provided Defendant with (a) the Cell Phone Number or the VOIP Number; (b) his permission to call the Cell Phone Number or the VOIP Number; or (c) his permission to be called with an ATDS or to leave an artificial or prerecorded voice message on his phones.

30. None of the calls at issue placed by Defendant to Plaintiff were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

31. Beginning with the date four years before the filing of this Complaint, Defendant placed phone calls to Plaintiff's Cell Phone Number and VOIP Number using an ATDS and/or with an artificial or prerecorded voice.

## Legal Claims

### Count One:

### Violation of the TCPA's provisions prohibiting auto-dialed and prerecorded message calls

32. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

33. Defendant violated the TCPA by repeatedly placing non-emergency telephone calls to Plaintiff's cellular and VOIP telephone numbers using an automatic telephone dialing system or artificial or prerecorded voice without Plaintiffs' prior express consent in violation of the federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

34. Plaintiff is informed, believes and alleges that Defendant's violations of the TCPA described above were done willfully and knowingly.

35. The willful and knowing nature of Defendant's conduct is exhibited in part by the following facts:

    a. Defendant is a large corporation with access to legal advice through its own regulatory department and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

  b. Defendant knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

  c. Defendant knew that Plaintiff had not consented to calls to his cell phone as Defendant did not receive Plaintiff's cell phone number from Plaintiff;

  d. Upon information and belief Defendant knew that permission was required before Defendant could call Plaintiff's cell phone using an auto-dialer or an artificial or prerecorded voice;

  e. Defendant has been sued before for violations of the TCPA; and

  f. Upon information and belief Defendant was aware of the requirements of the TCPA, but choose to not to comply with those requirements.

36. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

## Demand for Preservation

37. Plaintiff demands that Defendant retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

  a. All applications for all accounts which were the subject of any collection calls made by or on behalf of Defendant to Plaintiff;

  b. All documents evidencing the terms and conditions of all accounts which were the subject of any collection calls made by or on behalf of Defendant to Plaintiff;

  c. All documents (including recordings and electronic documents) evidencing any and all communications between Defendant and/or any persons acting on its behalf and Plaintiff;

  d. List of all phone numbers, including spoofed numbers, used by Defendant and/or persons acting on its behalf in making calls to Plaintiff;

  e. All recordings, transcripts and/or summaries of all calls made by or on behalf of Defendant to Plaintiff;

  f. All written, recorded, electronic or other documentation or evidence which Defendant contends shows that it obtained the prior express consent of Plaintiff to call Plaintiff using an auto-dialer and/or using an artificial or prerecorded voice;

  g. All documents including but not limited to invoices, transmission logs, or summary logs, provided to Defendant by any person or entity retained by Defendant to make calls to cell phones using an auto-dialer and/or an artificial or prerecorded voice or to make calls to a residential phone using an artificial or prerecorded voice, to the extent such documents pertain to calls made to Plaintiff;

  h. All written, recorded, electronic or other documentation or evidence which provide all or any part of the following information:

   (i) the dates, times and duration of all calls made by or on behalf of Defendant to Plaintiff using an auto-dialer and/or an artificial or prerecorded voice;
   (ii) the number from which each call was made;
   (iii) the number to which each call was made;
   (iv) the identity of the intended recipient and actual recipient of each call; and/or
   (v) the identity of the subscriber of each number called.

  i. All documents evidencing the name, make, model, serial number, version, and capabilities of all equipment, hardware, and/or software used to make any calls by or on behalf of Defendant to Plaintiff and all documents evidencing which calls were made using which equipment, hardware and/or software;

  j. All written, recorded, electronic or other documentation or evidence of all policies or procedures implemented by Defendant with regard to the making of calls to cell phone numbers using an automatic telephone dialing system and/or an artificial or prerecorded voice;

  k. All written, recorded, electronic or other documentation or evidence concerning Defendant's knowledge of the TCPA and the regulations and rulings of the FCC thereunder; and

   l. All written, recorded, electronic or other documentation or evidence concerning any lawsuits and/or settlements and/or settlement discussions to which Defendant was a party and/or any demands upon Defendant which, in whole or in part, pertain to the TCPA within the last five years.

  38. Demand is made on Defendant to notify any third parties or vendors retained by Defendant to make auto-dialer or artificial or prerecorded voice calls to Plaintiff and request production of any documents included within this demand.

## Relief Sought

  39. Plaintiff requests the following relief:

   a. That Defendant be found liable under the TCPA and Plaintiff be awarded actual damages, including emotional distress suffered as a result of the intentional, reckless and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs or statutory damages of $500 per call for each negligent violation of the TCPA, and $1,500 per call for each willful/knowing violation of the TCPA; and

   b. Plaintiff be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas State Bar Number 14171200
       Designated as Lead Attorney

The Law Office of Chris R. Miltenberger, PLLC
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff